UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Tonya Bodin                                                         Civil Action No. 17-1225

versus                                                                  Unassigned District Judge

HCC Life Ins. Co.                                              Magistrate Judge Carol B. Whitehurst

REPORT AND RECOMMENDATION

Pending before the undersigned on referral from the district judge is a Motion to Remand Pursuant to 28 U.S.C. §1447 filed by plaintiff, Tonya Bodin, ("plaintiff") [Doc. 10]. Defendant HCC Life Insurance Co. ("HCC") filed an opposition brief [Doc. 12]. For the following reasons, the undersigned will recommend that the motion be denied.

*Background and Positions of Parties*

Plaintiff filed suit for breach of contract and declaratory judgment against HCC on April 7, 2017 in the 15th Judicial District Court for the Parish of Vermilion. In her motion to remand, the plaintiff argues she served HCC by delivering citation and a copy of the petition to the Louisiana Secretary of State. The record shows the Secretary of State received the citation and petition on May 30, 2017, but on the same date, sent a letter to plaintiff's counsel, wherein the Secretary rejected the service for failure to pay the required service fee under La. Rev. Stat. §49:222. Nakia Davis, an

attorney for HCC, filed an Affidavit wherein she attests HCC did not receive notice of the attempted service, and the plaintiff did not attempt service again.

The record shows that on July 3, 2017 – without any valid service having been made on HCC – the plaintiff obtained a preliminary default judgment against HCC. Ms. Davis attests HCC also did not receive a copy of the preliminary default judgment. On September 6, 2017, the plaintiff confirmed the preliminary default and obtained a Judgment against HCC in excess of $400,000.00. A Notice of Judgment was issued on September 7, 2017; that Judgment was forwarded to the Louisiana Secretary of State, which then forwarded the Judgment to HCC. HCC argues the receipt of the Judgment was its first notice of the lawsuit, and HCC then removed the lawsuit to this Court on September 26, 2017. Thus, HCC argues the removal was timely.

In the instant motion to remand, the plaintiff seeks remand of the instant matter on grounds HCC did not timely remove the instant matter, and that any issue concerning service might well give rise to a claim by HCC against the Secretary of State, but that such issue does not affect the timing of the removal as between HCC and the plaintiff. For the following reasons, the undersigned finds the plaintiff's argument is without merit.

## *Law & Analysis*

The plaintiff seeks remand on grounds HCC did not timely remove the matter; in response, HCC argues the plaintiff did not effect service of the citation and petition on HCC, and that HCC removed the matter within thirty days of its receipt of notice of the lawsuit, which did not occur until September 7, 2017.

28 U.S.C. 1446(b) generally provides for removal of an action to federal court within thirty days after receipt by the defendant of a copy of the initial pleading, as follows:

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b). The issue in the instant case presents the question of what constitutes "receipt by the defendant."

HCC argues it did not "receive" the plaintiff's petition, and in fact, was not on notice of the lawsuit having been filed, until it received a Judgment issued in the case on or around September 7, 2017. HCC argues the plaintiff's service was non-compliant with state law because she failed to comply with the provisions of La. Rev. Stat. §49:22, which provides in relevant part:

§222  Fees charged by Secretary of State

A. The secretary of state shall determine and collect, in accordance with the Administrative Procedure Act, such fees, other than the fees provided in Subsection B of this Section and other than fees for elections, as are reasonably necessary to carry out the duties of the office. The secretary of state shall publish a listing of such fees annually in the official journal of the state.

B. The secretary of state is authorized to collect the following fees:

> (12) Special fees. (a) There shall be a fifty-dollar fee for expedited "while you wait" service.
>
>> (b) There shall be a thirty-dollar fee for expedited twenty-four-hour service.
>>
>> (c) There shall be a fifty-dollar fee for receipt of service of process or other instruments.

La. Rev. Stat. §49:222(A) &(B)(12).

The record shows that on May 30, 2017, the same date it received the plaintiff's citation and petition in this matter, the Secretary of State mailed a letter to plaintiffs' counsel, which states:

> Service of process for the above numbered proceeding has been rejected by the Louisiana Secretary of State for the following reasons:
>
> A check in the amount of $50 per service (R.S. 49:222) made payable [to] the Secretary of State was not enclosed for each service.

HCC argues the plaintiff made no further attempt to serve HCC and did not remit the $50 fee required by statute for the Secretary of State to receive service.

Therefore, HCC argues there was no proper service of citation and process on the Secretary of State. HCC argues that when it did receive notice of the lawsuit – in the form of a Judgment – it removed the matter to this Court immediately, and well within the thirty-day removal period under 28 U.S.C. §1446(b).

Judge Clement addressed this precise issue in *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Grp., Inc.*, 166 F. Supp. 2d 511, 512–13 (E.D. La. 2001), to wit:

> The plaintiffs first argue that the defendants failed to file their notice of removal within thirty days from the date on which the first defendant was served. The plaintiffs contend that service on the Louisiana Secretary of State on January 3, 2001 qualifies as receipt by defendant Columbia; and therefore, the defendants should have filed their notice of removal by February 2, 2001. The defendants assert that the thirty-day period did not begin to run until Columbia actually received the petition from the Secretary of State on January 9, 2001, and that their notice of removal filed on February 7, 2001 was timely.

(internal citations omitted).

In ruling on the issue of timeliness of the removal in that case, Judge Clement recognized the Supreme Court's holding in *Murphy Bros.*, in which the Supreme Court overturned the receipt rule because it opened up the possibility that a person's "procedural rights [might] slip away before service of a summons, i.e., before one is subject to any court's authority." *Hibernia*, 166 F.Supp.2d at 413, *citing Murphy Bros.*, 526 U.S. at 356, 119 S.Ct. 1322. Consequently, Judge Clement ruled that the thirty-day period under §1446(b) does not begin to run until the defendant actually receives the plaintiffs' petition. A number of other courts have ruled the same way.

*See, e.g., Sasser v. Allstate Ins. Co.*, 2007 WL 3119428 (E.D. La. 2007) (J. Fallon); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (W.D. La. 1983) (J. Scott); *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784 (W D. La. 1996) (J. Hunter).

In the instant case, HCC has presented evidence in the form of an affidavit that the company did not receive notice of the lawsuit until on or around September 7, 2017 despite having never been served with citation and a copy of the original petition. The plaintiff has not controverted this evidence. Considering the foregoing, the undersigned finds HCC's removal of the instant case to this Court was timely.

The undersigned had concerns about the propriety of the removal in light of the fact that the case had proceeded to a judgment in the state court proceedings and the Fifth Circuit's holding in *Oviedo v. Hallbauer*, 655 F.3d 419 (5th Cir. 2011). The parties did not address this in their briefing, however, the undersigned's research confirms that removal is proper under the circumstances of this case, where a judgment was obtained against a defendant who was never properly served. *See, e.g., Thompson v. Deutsche Bank National Trust Company*, 774 F.3d 298, 302 (5th Cir. 2014).

### *Conclusion*

For the foregoing reasons, the undersigned recommends that the Motion to Remand Pursuant to 28 U.S.C. §1447 filed by plaintiff Tonya Bodin [Doc. 10] be

6

**DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by fed.r.civ.p. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 2nd day of February, 2018, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE